**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
Jon M. Egan, PC
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone:  (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KEON ZARRABI**,<br>                         Plaintiff,<br>     vs.<br>**OCTAVIAN JURJ** and **BRITTANY JURJ**, individuals; **H3RITAGE, INC.**, an Oregon corporation; and **TILT 1 LLC**, **TILT 2 LLC**, and **TILT 3 LLC**, Oregon limited liability companies,<br>                         Defendants. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br>Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND CLASS AND COLLECTIVE ACTION**

Plaintiff Keon Zarrabi complains as follows against Octavian Jurj, Brittany Jurj, H3ritage, Inc., Tilt 1 LLC, Tilt 2 LLC, and Tilt 3 LLC  (collectively, "TILT"). Unless otherwise specifically limited herein, all facts, claims for relief, and causes of action are alleged against each and every defendant.

**PRELIMINARY STATEMENT**

1.

This is an individual and class and collective action under state and federal laws for certain present and former employees of TILT to recover unpaid minimum wages,

stolen tips, liquidated damages, statutory penalties, and prejudgment interest. All allegations herein are made to the best of plaintiff's and his counsel's good-faith knowledge, information and belief, based upon the evidence available to them at this time, before the parties have had the chance to conduct full discovery, and plaintiff reserves the right to amend the allegations following completion of discovery.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce), and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because plaintiff and the class and collective members were employed by TILT in this district, and the acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all material times, plaintiff was a resident and citizen of the State of Oregon. At all material times, plaintiff and the class and collective members were employees of TILT.

5.

Defendants Octavian Jurj and Brittany Jurj own and operate H3ritage, Inc., Tilt 1 LLC, Tilt 2 LLC, and Tilt 3 LLC and at all material times herein acted directly and indirectly on behalf of those entities with regard to the violations outlined herein. These defendants were and are joint employers of plaintiff and the class members, as well as

the collective members. On information and belief, Oregon companies H3ritage, Inc., Tilt 1 LLC, Tilt 2 LLC, and Tilt 3 LLC share common management, general management, bookkeepers, employees, business locations, storage, business supplies, payroll, billing, employee handbook, and many other aspects of operations.

**FACTS CONSTITUTING CLAIMS FOR RELIEF**

6.

TILT failed to pay the applicable Oregon minimum wage to its employees for their hours worked. This included paying the old minimum wage rate for all hours in a pay period during which the statutory minimum wage rate rose, when some of the pay period fell within the new higher minimum-wage rate.

7.

Under Oregon law, employers are only authorized to deduct amounts from employees' wages that are required by law. Yet on numerous occasions, TILT deducted all or part of the employer's share of Social Security and Medicare taxes from their employees' wages, including by rounding up instead of down in violation of applicable tax regulations. In addition, TILT deducted excessive amounts from employee wages on several occasions based on the wrong Oregon state assessment rates. Those deductions were all illegal.

8.

By collecting all tips and gratuities of all employees for the purpose of redistributing them, defendants became the bailor, fiduciary, and trustee of those funds, holding them in trust for the proper recipients. Further, defendants have a statutory duty to keep personnel files, and to track employees' time and pay records, and to produce such records to employees upon demand. As such, defendants owe plaintiff a duty to render

an account showing in detail the time, pay, and tips taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just, and necessary.

9.

Plaintiff and the class members are entitled to a full accounting of the tips and gratuities received and/or paid out by defendants.

10.

TILT required employees to put all tips and gratuities into a tip pool. TILT kept all of the tip pool documents secret, so that no one knew whether or when those moneys ever got paid, or to whom. The employees simply had to trust TILT to distribute the tip pool money correctly and not take advantage of them. TILT was thus in the position of bailor, fiduciary, and trustee with regard to those tip pool funds. The tip pool funds constituted a specific, earmarked fund capable of identification, held in trust for the beneficiary employees. TILT required Plaintiff and the class and collective members to participate in an illegal tip pool, in which tips were taken from those to whom they were given and allegedly given to employees who worked in non-customarily tipped occupations and/or managers, supervisors, and one or more statutory employers. TILT also exercised proprietary control over all of the funds in the tip pool, retaining the ability to refuse participation to employees who had not yet completed training, who were deemed not to be successfully performing their job functions, who were decided not to be complying with company policies or procedures, or who were otherwise not "acting in a way that reflects the core vision and values of Tilt." TILT also retained the right to remove employees from the tip pool as discipline, for poor performance, attendance, or any other unspecified violations of company policy, and to refuse distributions to employees

who quit or were terminated when owed tips. TILT also kept some of those tips that it was purportedly giving to back-of-the-house staff, including through deducting comps/discounts, gift card sales, walkouts, to-go sales, and "administrative and processing fees" from the tip pool. And even within this illegal mandatory tip pool, TILT changed the distribution without informing the employees, to give more and more of the tip pool to the back of the house rather than paying them market wages.

## COLLECTIVE ALLEGATIONS

11.

TILT engaged in acts and practices that violated the collective members' rights under the FLSA. In addition to bringing this action individually on behalf of himself, therefore, plaintiff also brings this action on behalf of all current and former employees who are similarly situated. Plaintiff alleges that he and the other collective members received less than the tips that were due to them under 29 U.S.C. § 203(m)(2)(B) as a result of the nonpayments indicated herein, and that he and each of the other members of the collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in TILT employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for plaintiff and any other employee who worked in excess of 40 hours in a given workweek, the same nonpayments will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other collective members are similarly situated in all relevant respects.

## CLASS ALLEGATIONS

12.

TILT engaged in acts and practices that violated the Oregon class members' rights. This action is brought on behalf of all current and former Oregon employees of TILT.

## NUMEROSITY

13.

On information and belief, the class is so numerous that joinder of all members is impractical, consisting of an estimated 100 or more employees.

## COMMONALITY

14.

There are questions of law and fact common to the class, which predominate over any issues involving only individual class members. The principal questions are:

a. Whether paying employees the previous statutory minimum wage for all hours worked during a pay period in which some of the hours were worked after the statutory minimum wage had risen violates Oregon minimum-wage law;

b. Whether rounding certain purported tax deductions up instead of down or continuing to deduct a state assessment at the previous higher rate after the applicable rate had dropped resulted in a statutory wrongful deduction and/or underpayment of the Oregon minimum wage and/or overtime and/or failure to pay employees all earned and unpaid wages within the statutory deadline upon termination of their employment;

c. What defendants' tip policy was, whether that policy comports with applicable state and federal law, whether and to what extent the class members are entitled to the tips and gratuities that are left for them by the customers, what the terms of any tip pool agreement were, whether any employer breached that agreement, whether any employer's acquisition of those tips and gratuities constitutes a bailment or trust or fiduciary relationship, whether

any employer taking those tips and gratuities exercised unlawful dominion and control over those tips and gratuities so as to justly be required to repay the full value of the property, whether those tips and gratuities were obtained by any employer under duress, whether the theft constitutes unjust enrichment, whether *ex aequo et bono* any employer should have to pay the stolen tip amounts to the class members, and whether non-economic and/or punitive damages are appropriate; and

d. Whether the above violations were willful, what remedies are available for the alleged violations, and which defendants are liable for which damages under state and federal joint employer theories.

## TYPICALITY

15.

Plaintiff's claims are typical of those of the other class members because:

a. Plaintiff is a member of the class.

b. Plaintiff's claims stem from the same practice or course of conduct that forms the basis for the class claims.

c. All of the class members' claims are based on the same facts and legal theories.

d. There is no antagonism between the interests of Plaintiff and the class members, because their claims are for damages provided to each class member by statute or the common law.

e. The injuries that Plaintiff suffered are similar to the injuries that the class members suffered, and they are relatively small compared to the expense and burden of individual prosecutions of this litigation.

f. The prosecution of separate actions by the class members could either result in

inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of class members who are not parties to such separate adjudications.

## ADEQUACY OF REPRESENTATION BY PLAINTIFF

16.

Plaintiff will fairly and adequately protect the interests of the class because:

a. There is no conflict between Plaintiff's claims and those of the other class members.

b. Plaintiff has retained counsel experienced in handling class and collective actions involving wage and hour law and tip theft, who will vigorously prosecute this litigation.

c. Plaintiff's claims are typical of the claims of class members in that their claims stem from the same practice and course of conduct that forms the basis of the class claims.

## FIRST CAUSE OF ACTION

Oregon unpaid wages (non-federal-tax-based claims only)

17.

All previous paragraphs are incorporated by reference herein.

18.

Pursuant to ORS 652.120, TILT was required to pay plaintiff and the class members all wages due, when those wages were due, but willfully failed to do so.

19.

Plaintiff and the class members are entitled to collect the wages due in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as

pre-judgment interest.

## SECOND CAUSE OF ACTION

Oregon minimum wage

20.

All previous paragraphs are incorporated by reference herein.

21.

Pursuant to ORS 653.025, TILT was required to pay plaintiff and the other class members at least the amount of the applicable Oregon minimum wage for hours worked during the time that that minimum wage was applicable, when those wages were due, but willfully failed to do so.

22.

Plaintiff and the other class members are entitled to collect the difference between the wages received when due and the Oregon minimum wages due in an amount to be proven at trial, together with attorney fees and costs, as well as pre- judgment interest and the 30 days of statutory penalty wages provided by ORS 653.055 and 652.150.

## THIRD CAUSE OF ACTION

Wrongful deductions

23.

All previous paragraphs are incorporated by reference herein.

24.

Pursuant to ORS 652.610, TILT was prohibited from deducting certain amounts from plaintiff's and the class members' paychecks but willfully did so.

25.

Plaintiff and the class members are entitled to the greater of $200 statutory damages

or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs, and pre-judgment interest.

## FOURTH CAUSE OF ACTION

Oregon unpaid wages upon termination

26.

All previous paragraphs are incorporated by reference herein.

27.

Pursuant to ORS 652.140, TILT was required to pay Plaintiff and the class members all earned and unpaid wages by the statutory deadline upon termination of employment but willfully failed to do so.

28.

Plaintiff and the class members are entitled to collect all wages remaining due, in an amount to be proven at trial, together with attorney fees and costs per ORS 652.200, as well as pre-judgment interest, and the 30 days of statutory penalty wages provided by ORS 652.150.

## FIFTH CAUSE OF ACTION

Conversion

29.

All previous paragraphs are incorporated by reference herein.

30.

By misappropriating the tip pool funds entrusted to them, defendants exercised unlawful dominion and control over the property, which completely interfered with the employees' right to control it, so that defendants may justly be required to repay the full value of the property. This breach of bailment contract and of trust and of fiduciary

responsibilities qualifies as, and is enforceable as, conversion.

31.

Plaintiff and the class members are entitled to recover the value of the property tortiously converted, in addition to pre-judgment interest and non-economic and punitive damages.

### SIXTH CAUSE OF ACTION

Breach of contract

32.

All previous paragraphs are incorporated by reference herein.

33.

Defendants told plaintiff and the class members upon their hire that they would be paid minimum wage plus gratuities. Further, defendants' employment contract with plaintiff and the class members included a share of the tip pool as determined by a pre-existing formula. Defendants breached that material term of the contract, by changing those distribution shares without informing or seeking permission for the change, which proximately caused monetary damage to plaintiff and the class members.

34.

Plaintiff and the class members are therefore entitled to the difference between the tip pool share they received and that which they were promised.

### SEVENTH CAUSE OF ACTION

Tortious breach of duty of good faith and fair dealing

35.

All previous paragraphs are incorporated by reference herein.

36.

Because defendants collected all tips and gratuities from employees for the purpose of redistributing them, they had a special bailor/fiduciary/trustee relationship with the intended recipients, involving a heightened duty of care beyond and independent from that of a simple employment contract. Thus, defendants' intentional action to deprive plaintiff and the class members of their expected contractual benefits was a tortious breach of the duty of good faith and fair dealing, and of defendants' fiduciary obligations, which proximately caused plaintiff and the class members economic and noneconomic damage.

37.

Plaintiff and the class members are therefore entitled to economic and noneconomic damages, as well as pre-judgment interest and punitive damages.

**EIGHTH CAUSE OF ACTION**

Unjust enrichment

38.

All previous paragraphs are incorporated by reference herein.

39.

Defendants have failed to pay to plaintiff and the class members tip pool money to which they are rightfully entitled, and defendants have been directly and indirectly unjustly enriched and benefited thereby, and equity and good conscience demand that plaintiff and the class members' money be returned.

40.

Plaintiff and the class members are entitled to recover in restitution the money unlawfully taken from them, in an amount to be proven at trial, in addition to pre-

judgment interest.

## NINTH CAUSE OF ACTION

Money had and received

41.

All previous paragraphs are incorporated by reference herein.

42.

Defendants have failed to pay to plaintiff and the class members tip pool money to which *ex aequo et bono* they are rightfully entitled, and equity and good conscience demand that plaintiff and the class members' money be returned to them by defendants.

43.

Plaintiff and the class members are entitled to the money unlawfully withheld from them, in an amount to be proven at trial, in addition to pre-judgment interest and punitive damages.

## TENTH CAUSE OF ACTION

FLSA tip theft

44.

All previous paragraphs are incorporated by reference herein.

45.

Pursuant to 29 USC § 203(m)(2)(B), TILT was required to pay Plaintiff and the collective members all of their tips, or if a tip pool was mandatory, was required to ensure that no managers, supervisors, or other statutory employers took part in such tip pool. It failed to do so.

46.

Plaintiff and the collective members are entitled to collect the difference between the

tips received and the tips due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees and costs of the action pursuant to 29 USC § 216(b).

## ELEVENTH CAUSE OF ACTION

FLSA minimum wage

47.

All previous paragraphs are incorporated by reference herein.

48.

Pursuant to 29 USC § 206, TILT was required to pay plaintiff and the collective members at least the applicable federal minimum wage when those wages were due, but willfully failed to do so.

49.

Pursuant to 29 USC § 216(b), plaintiff and the collective members are therefore entitled to any unpaid federal minimum wages, plus liquidated damages, and attorney fees, costs, and disbursements.

## TWELFTH CAUSE OF ACTION

Accounting

50.

All previous paragraphs are incorporated by reference herein.

51.

By collecting all tips and gratuities of all employees for the purpose of redistributing them according to the agreed-upon formula, defendants became the bailor, fiduciary, and trustee of those funds, holding them in trust for the proper recipients. As such, defendants owe plaintiff and the class members a duty to render an account showing in

detail the items taken in and expended, when, to whom, and for what purpose, and that the account rendered and expenditures claimed were correct, just, and necessary.

52.

Plaintiff and the class members are therefore entitled to a full accounting of the tips and gratuities received and/or paid out by defendants, and to an equitable award of any amounts to which such accounting demonstrates that they are entitled.

## THIRTEENTH CAUSE OF ACTION

Declaratory judgment

53.

All previous paragraphs are incorporated by reference herein.

54.

Plaintiff and the class members are entitled to a declaratory judgment declaring TILT's violations as outlined above.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that the Court award such damages as set forth above and in amounts to be proven at trial; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this 29th day of November, 2019

JON M. EGAN, P.C.

*s/ Jon M. Egan*

JON M. EGAN, OSB # 002467
Attorney for Plaintiff

*s/ Keon Zarrabi 11/29/2019*

Keon Zarrabi